**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 18, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: November 18, 2009**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-18936 |
| | ) | |
| KIMBERLY HAYES, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding |
| LAUREN HELBLING, | ) | No. 09-1086 |
| TRUSTEE, | ) | |
|     Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLY HAYES, *et al.*, | ) | |
|     Defendants. | ) | |
| | ) | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on cross-motions for partial summary judgment filed by the plaintiff-trustee, Lauren Helbling, and by one of the defendants, Argent Mortgage Company LLC ("Argent"). At issue is whether

---

[1] This Memorandum of Opinion is not intended for official publication.

the trustee is entitled to avoid a mortgage because the notary's certificate of acknowledgment failed to recite the names of the parties whose signatures were acknowledged. For the reasons that follow, the Court holds that the Mortgage was not executed in accordance with Ohio's statutory requirements and can be avoided by the trustee. Accordingly, the trustee's motion for partial summary judgment is granted, and Argent's motion for partial summary judgment is denied.

## FACTS AND PROCEDURAL BACKGROUND

The following facts are undisputed. The debtor, Kimberly Hayes, is the owner of an undivided interest in real property located at 1238 East 172nd Street, Euclid, Ohio 44119. On April 27, 2005, Argent extended a loan to the debtor secured by the real property ("Mortgage"). The Mortgage was recorded in the Cuyahoga County Recorder's Office on April 29, 2005, in Instrument No. 200504290609.

Page 14 of the Mortgage contains the signature and printed name of the debtor as well as the signature and printed name of the co-signor, Jickie Hayes. Page 14 provides in pertinent part:

<pre>                                       ***
</pre>

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

<pre>                                                  /s/ Kimberly M. Hayes
                                                  Kimberly M. Hayes

                                                  /s/ Jickie Hayes
                                                  Jickie Hayes
                       ***
</pre>

Page 15 of the Mortgage contains the notary's certificate of acknowledgment, which is missing the names of the acknowledging parties.

Page 15  provides in pertinent part:

<pre>                                       ***
</pre>
STATE OF OHIO,              County ss: Cuyahoga

    On this  27th of   day of   April  , before me, a
Notary Public in and for said County and State, personally appeared
_____
_____
_____
the individual(s) who executed the foregoing instrument and acknowledged that he/she/they did examine and read the same and did sign the foregoing instrument, and that the same is his/her/their free act and deed.

    IN WITNESS WHEREOF, I have hereunto set my hand and official seal.

<pre>My Commission Expires:              /s/ Chanin M. Tatsouras
                                    Notary Public
</pre>

Prepared By:
Denise Obrock
2550 Golf Road, East Tower, 10th Floor, Rolling Meadows, IL 60008

    [Notary Seal appears here]

                                              [initials KH and J.H. appear at bottom of page]
<pre>                       ***
</pre>

On November 13, 2008, the debtor filed a petition under Chapter 7 of the Bankruptcy Code (Case # 08-18936). On February 27, 2009, the trustee of the Chapter 7 estate initiated this adversary proceeding seeking to avoid a mortgage and to determine the respective interests of various parties in the real property. The complaint named as defendants the debtor, Argent Mortgage, the Cuyahoga County treasurer, Landrover Capital Group, and Countrywide Home Loans. The treasurer, Landrover, and Countrywide filed answers to the complaint. Default was entered against the debtor on July 9, 2009. On August 13, 2009, the trustee filed a motion for partial summary judgment seeking to avoid the Mortgage held by Argent. On the same day, Argent filed a cross-motion. Briefing on the cross-motions is complete, and the Court is ready to rule.

## JURISDICTION

Determinations of the validity, extent, or priority of liens are core proceedings under 28 U.S.C. section 157(b)(2)(K). The Court has jurisdiction over core proceedings under 28 U.S.C. sections 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy

proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

DISCUSSION

Under the "strong arm" clause of the Bankruptcy Code, the bankruptcy trustee has the power to avoid transfers that would be avoidable by certain hypothetical parties. *See* 11 U.S.C. § 544(a). Section 544 provides in pertinent part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
>
> . . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. §544. Any transfer under section 544 is preserved for the benefit of the estate. *See* 11 U.S.C. § 551.

Page 11 of the Mortgage provides that "[t]his Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." Accordingly, because the real property in question is located in Ohio, the Court will apply Ohio law to determine whether the trustee may avoid the Mortgage using the "strong arm" clause. *See Simon v. Chase Manhattan Bank*

6

*(In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001) (applicable state law governs determination whether hypothetical bona fide purchaser can avoid mortgage).

Under Ohio law, a bona fide purchaser is a purchaser who " 'takes in good faith, for value, and without actual or constructive knowledge of any defect.' " *Stubbins v. Am. Gen. Fin. Servs. (In re Easter)*, 367 B.R. 608, 612 (Bankr. S.D. Ohio 2007) (quoting *Terlecky v. Beneficial Ohio, Inc. (In re Key)*, 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003)); *see also Shaker Corlett Land Co. v. Cleveland*, 139 Ohio St. 536 (1942). The Bankruptcy Code expressly provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. *See In re Zaptocky*, 250 F.3d at 1027 ("actual knowledge does not undermine [trustee's] right to avoid a prior defectively executed mortgage"). Because actual knowledge does not affect the trustee's strong-arm power, the Court need only determine whether the trustee had constructive knowledge of the prior interest held by Argent.

Ohio law provides that "an improperly executed mortgage does not put a subsequent bona fide purchaser on constructive notice." *In re Zaptocky*, 250 F.3d at 1028. Ohio courts have refused to allow a recorded mortgage to give constructive notice when the mortgage has been executed in violation of a statute.

7

*See In re Nowak*, 104 Ohio St. 3d 466, 469 (2004) (listing cases). The key question, then, is whether the Mortgage was executed in compliance with, or substantially conforms to applicable statutory law.

*The Mortgage Was Not Properly Executed
in Accordance with Ohio Revised Code § 5301.01*

Ohio Revised Code § 5301.01, requires four separate acts to properly execute a mortgage: (1) the mortgage shall be signed by the mortgagor; (2) the mortgagor shall acknowledge his signing in front of a notary public, or other qualified official; (3) the official shall certify the acknowledgment; and (4) the official shall subscribe his name to the certificate of acknowledgment. Ohio Rev. Code § 5301.01(A) (2004); *see Drown v. GreenPoint Mortgage Funding, Inc.* (*In re Leahy*), 376 B.R. 826, 832 (Bankr. S.D. Ohio 2007) (listing four requirements provided by Ohio Rev. Code. § 5301.01).[2] At issue in this case is whether the certificate of acknowledgment, which omitted the names of the

---

[2] In *Zaptocky*, the Sixth Circuit identified "three major prerequisites for the proper execution of a mortgage: (1) the mortgagor must sign the mortgage deed; (2) the mortgagor's signature must be attested by two witnesses; and (3) the mortgagor's signature must be acknowledged or certified by a notary public." *Zaptocky*, 250 F.3d at 1024. The differences between *Zaptocky's* three requirements and *Leahy's* four requirements are (A) the deletion in *Leahy* of *Zaptocky's* second requirement – attestation by two witnesses – due to a change in the statute, and (B) the *Leahy* court's breaking down of *Zaptocky's* third requirement – certification of acknowledgment – into three separate parts.

8

borrowers, satisfies the third requirement to proper execution of a mortgage.

Certification of an acknowledgment is governed by Ohio Revised Code sections 147.53-147.58. Ohio Revised Code section 147.53 provides:

> The person taking an acknowledgment shall certify that:
>
> (A) The person acknowledging appeared before him and acknowledged he executed the instrument;
>
> (B) The person acknowledging was known to the person taking the acknowledgment, or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

The Ohio Revised Code further provides that a certificate of acknowledgment is acceptable in Ohio if it is in a form prescribed by the laws or regulations of Ohio or contains the words "acknowledged before me," or their substantial equivalent. Ohio Rev. Code § 147.54. Ohio's statutory short form acknowledgment for an individual is as follows:

> State of _____
>
> County of _____
>
> The foregoing instrument was acknowledged before me this (date) by (name of person acknowledged.)
>
> (Signature of person taking acknowledgment)
> (Title or rank) (Serial number, if any)

Ohio Rev. Code § 147.55(A).

9

The trustee argues that the Mortgage is invalid because the certification of acknowledgment fails to indicate or recite who appeared before the notary public as required by Ohio law. The Court agrees. Recent case law, including a 2008 decision from the Sixth Circuit BAP, supports the trustee's position that an acknowledgment is defective if it fails to identify the person whose signature is being acknowledged. See *In re Nolan*, 383 B.R. 391, 396 (6th Cir. B.A.P. 2008); *In re Sauer*, __B.R. __, No. 08-52152, Adv. No. 08-2178, 2009 WL 3064782 (Bankr. S.D. Ohio Sept. 25, 2009); *Daneman v. Nat'l City Mortg. Co. (In re Cornelius)*, 408 B.R. 704, 708 (Bankr. S.D. Ohio 2009) ("The absence of the name of the mortgagee acknowledging election is the functional equivalent of no certificate of acknowledgment and renders an acknowledgment insufficient."); *Drown v. Coutrywide Home Loans, Inc. (In re Peed)*, 403 B.R. 525, 531 (Bankr. S.D. Ohio 2009) *appeal docketed* No. 2:09cv347 (S.D. Ohio May 1, 2009); *Terlecky v. Countrywide Home Loans, Inc. (In re Baruch)*, No. 07-57212, Adv. No. 08-2069, 2009 Bankr. Lexis 608 at *22 (Bankr. S.D. Ohio Feb. 23, 2009) ("An acknowledgment clause containing nothing relative to the mortgagor's identity is insufficient; rather, an acknowledgment clause must either identify the mortgagor by name or contain information that permits the mortgagor to be identified by reference to the mortgage."); *In re Leahy*, 376 B.R. at 832.

*See also Smith's Lessee v. Hunt*, 13 Ohio 260, 269 (1844) (holding that court was unable to infer name of grantor when acknowledgment was blank as to the grantor and, thus, the mortgage was defective and did not convey title).

The holdings in *Nolan*, *Smith's Lessee*, and similar cases are also supported by case law interpreting almost identical statutory provisions for acknowledgment clauses in Kentucky and Tennessee. *See, e.g., Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004) (affirming bankruptcy court's decision avoiding deed of trust under section 544 and Tennessee law when deed of trust omitted names of acknowledging parties); *Select Portfolio Servs. v. Burden (In re Trujillo)*, 378 B.R. 526 (6th Cir. B.A.P. 2007) (affirming bankruptcy court's decision avoiding mortgage under section 544 and Kentucky law when debtor was not named or identified in certificate of acknowledgment).

Nor does the execution of the Mortgage "substantially comply" with the statutory requirements. When the validity of a mortgage is challenged for failure to comply with the statutory mandates of Ohio Revised Code section 5301.01, a court can "review the nature of the error and the balance of the document to determine whether or not the 'instrument supplies within itself the means of making the correction.' " *Menninger v. First Franklin Fin. Corp. (In re Fryman)*, 314 B.R. 137, 138 (Bankr. S.D. Ohio 2004) (quoting *Dodd v. Bartholomew*,

11

44 Ohio St. 171, 176 (1886)). This principle enunciated by the *Dodd* court essentially allows a court to determine whether the execution of a mortgage is in "substantial compliance" with section 5301.01. *See In re Fryman*, 314 B.R. at 138. Under Ohio law, a mortgage that substantially complies with section 5301.01 will be considered valid. *See Drown v. EverHome Mortg. Co. (In re Andrews)*, 404 B.R. 275, 279 (Bankr. S.D. Ohio 2008) (citing *Mid-American Nat'l Bank & Trust*, 451 N.E.2d 1243, 1245-46 ) (Ohio Ct. App. 1982)).

In the present case, while the debtor's initials appear on the same page as the acknowledgment clause and the acknowledgment clause contains the phrase "the individuals who signed the foregoing instrument," the Court does not accept Argent's argument that this constitutes substantial compliance with section 5301.01. *See In re Peed*, 403 B.R. at 536 (presence of initials on each page of mortgage, including acknowledgment clause page, did not substantially comply with requirement that acknowledgment clause identify person whose signature is being acknowledged); *accord In re Cornelius*, 408 B.R. at 708 (same); *In re Andrews*, 404 B.R. at 279 (same). Therefore, the Mortgage was improperly executed because the certification of acknowledgment fails to indicate or recite who appeared before the notary public as required under Ohio Revised Code section 5301.01, and the trustee is not charged with constructive notice of the Mortgage.

12

## CONCLUSION

For the reasons stated above, the Court holds that the certificate of acknowledgment in the Mortgage at issue is defective and the trustee may avoid the Mortgage. Accordingly, the trustee's motion for partial summary judgment is granted, and Argent's motion for partial summary judgment is denied. While it appears that this decision is largely dispositive, the precise interests and relative priorities of all parties have yet to be determined. Therefore, this is not a final judgment for purposes of 28 U.S.C. § 158. *See* Bankr. Rule 7054 and Fed R. Civ. P. 54(b). The Court will conduct a status conference at 1:30 p.m. on December 8, 2009. Counsel shall be prepared to advise the Court as to what additional steps are needed to resolve all remaining claims in this adversary proceeding.

IT IS SO ORDERED.